HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN MARLER,<br><br>               Plaintiff,<br><br>    v.<br><br>RENTON REGIONAL FIRE AUTHORITY, and SOUTH KING COUNTY FIRE TRAINING CONSORTIUM,<br><br>               Defendants. | Case No. 2:24-cv-1221-RAJ<br><br>ORDER |

## I.    INTRODUCTION

THIS MATTER comes before the Court on Plaintiff Austin Marler's motion for leave to amend, dkt. # 24. The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record. For the reasons set forth below, the Court **GRANTS** Mr. Marler's motion.

## II.    PROCEDURAL HISTORY

Mr. Marler was a probationary firefighter for Defendant Renton Regional Fire Authority ("Renton Fire"). He alleges Renton Fire and other defendants discriminated

ORDER - 1

against him and wrongfully terminated him based on his Tourette Syndrome, and brought claims under the Americans with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD"). Dkt. # 1. On October 15, 2024, Renton Fire moved to dismiss Mr. Marler's complaint. Dkt. # 12. On July 25, 2025, the Court granted in part and denied in part Renton Fire's motion to dismiss. Dkt. # 22. The Court held Renton Fire failed to meet its burden of showing it is entitled to sovereign immunity for Mr. Marler's ADA claims, but agreed that Mr. Marler's WLAD claims should be dismissed because he failed to substantially comply with the pre-suit claim requirement of RCW 4.96.020. *Id.* Due to RCW 4.96.020's 60-day notice requirement, the Court did not set a deadline for Mr. Marler to file his amended complaint and instead invited Mr. Marler to seek consent or leave to amend once he satisfied the statutory pre-suit requirement. *Id.*

On August 8, 2025, Mr. Marler filed this motion, seeking leave to file an amended complaint that "mainly cures the deficiency found by this Court" as to Mr. Marler's WLAD claims. Dkt. # 24 at 4; Dkt. # 25-3 at 4–14. Mr. Marler states that in April 2025, while Renton Fire's motion to dismiss was pending, he served administrative tort claim forms on all defendants, thereby satisfying the pre-suit claim requirement under RCW 4.96.020. Dkt. # 24 at 2; Dkt. # 25-1 at 1–19. Mr. Marler's proposed amended complaint also contains other amendments, including the addition of new defendants, which Renton Fire does not oppose in its response brief. Dkt. # 24 at 4; Dkt. # 25-3 at 4–14; Dkt. # 28.

### III. LEGAL STANDARD

After the time for amending a pleading as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotes omitted).

ORDER - 2

In considering whether to grant leave to amend, courts consider the following *Foman* factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Id.* at 1051–52 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these factors, "prejudice to the opposing party carries the greatest weight." *Id.* "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). "The party opposing amendment bears the burden of showing that amendment is not warranted." *Bio Energy (Washington), LLC v. King County, Washington*, No. 23-cv-542, 2024 WL 1974340, at *3 (W.D. Wash. May 3, 2024).

### IV.   DISCUSSION

#### A.   Leave to Amend WLAD Claims

Renton Fire argues the Court should not grant Mr. Marler leave to amend his WLAD claims because Mr. Marler still has not substantially complied with the pre-suit claim requirement under RCW 4.96.020 and thus amendment is futile. Dkt. # 28 at 5–7. Specifically, Renton Fire argues the April 2025 claim form Mr. Marler submitted (1) "did not give [Mr. Marler's] own contact information or identify his residential address"; (2) "did not give contact information for all persons involved in his claim or with knowledge thereof"; and (3) "indicated three separate potential amounts for the damages he seeks." *Id.* Renton Fire does not address any other *Foman* factor, including, most significantly, prejudice to the opposing party.

"Denial of leave to amend due to futility is rare, and district courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Bio Energy*, 2024 WL 1974340, at *4 (quotes omitted). "Thus, leave to amend should be denied only if it is beyond doubt

that the proposed amended pleading would be subject to dismissal for failure to state a claim." *Id.*

The Court does not find it is "beyond doubt" that Mr. Marler's WLAD claims will be subject to dismissal again. As explained in the Court's prior order, RCW 4.96.020 requires only "substantial compliance" with pre-suit claim procedures. RCW 4.96.020(5). Substantial compliance is met when parties follow a statute in a way that satisfies the "intent for which the statute was adopted." *Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1017 (Wash. Ct. App. 2014). "The purpose of claim filing statutes is to allow government entities time to investigate, evaluate, and settle claims." *Id.* (quotes omitted). "[E]xact specificity is not required; the claimant simply must provide enough information to put the government on notice of the claim and its contents." *Renner v. City of Marysville*, 230 P.3d 569, 571 (Wash. 2010).

Mr. Marler presents evidence that in April 2025, he provided Renton Fire and other defendants with a "standard tort claim form," along with a cover letter providing additional information about his claims, and attaching the then-operative complaint in this case. Dkt. # 25-1 at 1–19. Based on the record and arguments currently before the Court, it appears likely that that these documents were sufficient to place Renton Fire on notice of Mr. Marler's claims and his intent to sue, thus satisfying the substantial compliance requirement. While Renton Fire argues Mr. Marler did not strictly satisfy all statutory requirements, that is not the standard. *See Renner*, 230 P.3d at 572 (finding claim form was substantially compliant because it gave defendants "the information necessary to fully investigate [plaintiff] and his claim"); *Miller v. Sawant*, No. 18-506, 2022 WL 2718059, at *4 (W.D. Wash. July 13, 2022) (finding claim form was substantially compliant where it "refers to the filings in the state court action Plaintiffs

had commenced, and it provided counsel as the contact should [defendant] have sought any additional information about the Plaintiffs").

Moreover, the Court is not persuaded by Renton Fire's contention that Mr. Marler's claim form included inconsistent statements of his alleged damages. Mr. Marler's cover letter included a minimum settlement amount he would consider, the claim form left blank the amount of damages Mr. Marler seeks, and the attached complaint listed categories of Mr. Marler's damages. Dkt. # 25-1 at 3, 6, 15. These are fully consistent with each other. Mr. Marler's complaint listed the categories of damages he seeks, which is all that is required to substantially comply with RCW 4.96.020. *See Renner*, 230 P.3d at 572 ("Because the number a claimant provides is perhaps likely to change as the case progresses, an accurate and complete description of the damages—instead of a number—will often supply the information and notice required by the claim filing statute."). Mr. Marler left the exact damages amount blank on the claim form because under *Renner*, he is not required to provide an exact number. Finally, Mr. Marler's statement regarding a minimum settlement amount is just that—an indication of what he will accept to settle. It does not contradict the complaint's description of damages or otherwise bring his claim form out of substantial compliance.

In sum, Renton Fire fails to show amendment is futile, and fails to address any other *Foman* factor including, most significantly, prejudice to the opposing party. This falls far short of overcoming the liberal policy in favor of amendment.

ORDER - 5

### B. Arguments Regarding ADA Claims and Sovereign Immunity

Renton Fire further argues Mr. Marler's ADA claims are futile and raises new arguments regarding why Renton Fire is entitled to sovereign immunity.[1] These arguments are not properly before this Court. The Court's prior order *denied* Renton Fire's motion to dismiss Mr. Marler's ADA claims and thus left those claims intact. Dkt. # 22. Accordingly, Mr. Marler is not seeking leave to amend his ADA claims, and any arguments regarding the viability of those claims are not a proper basis to deny the currently pending motion.

### V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to amend, dkt. # 24. Plaintiff may file his amended complaint within 14 days of the date of this order.

Dated this 5th day of September, 2025.

*[signature]*

The Honorable Richard A. Jones
United States District Judge

---

[1] The Court's prior order found neither party addressed sovereign immunity under the applicable test set out in *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1025 (9th Cir. 2023), and therefore as the party asserting immunity, Renton Fire failed to meet its burden. Dkt. # 22. Renton Fire now seeks to address the *Kohn* factors in its response brief to Mr. Marler's motion for leave to amend.