HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AUSTIN MARLER, | CASE NO. 2:24-cv-01221-RAJ |
| Plaintiff, | ORDER |
| v. | |
| RENTON REGIONAL FIRE AUTHORITY, *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION

THIS MATTER comes before the Court on Defendants Renton Regional Fire Authority ("RRFA") and Puget Sound Regional Fire Authority's ("PSRFA" and collectively, "Defendants") Motion to Continue Trial Date, Dkt. # 52.  The Court has reviewed the motion, the submissions in support of and in opposition to the motion, and the balance of the record.

Although titled a "Motion to Continue Trial Date," in addition to seeking a continuance of the trial date and remaining pretrial deadlines, Defendants also seek to reopen discovery for a limited purpose and extend expert disclosure and dispositive motions deadlines that have already passed.  For the reasons discussed below, the Court

ORDER – 1

finds Defendants did not diligently pursue discovery in this case and there is no good cause to reopen discovery or extend expired deadlines.  For that reason, Defendants' motion is **DENIED**.[1]

## II.    BACKGROUND

Mr. Marler was a probationary firefighter for RRFA.  Dkt. # 33.  He alleges Defendants discriminated against him and wrongfully terminated him based on his Tourette Syndrome, and brings claims against Defendants for violation of the Americans with Disabilities Act ("ADA") and Washington Law Against Discrimination ("WLAD").  *Id.*

On August 19, 2025, the Court issued its Order Setting Trial Date and Related Dates (the "Scheduling Order").  Dkt. # 27.  In relevant part, the Scheduling Order set the following deadlines:

| | |
|---|---|
| Expert Witness Disclosure/Reports Under FRCP 26(a)(2) Due | February 4, 2026 |
| All motions related to discovery must be filed by (*see* LCR 7(d)) | March 2, 2026 |
| Deadline to Complete Discovery | April 6, 2026 |
| All dispositive motions and motions challenging expert witness testimony must be filed by | May 5, 2026 |
| Trial | August 3, 2026 |

The parties then proceeded with discovery with the Scheduling Order in place.  On or around November 13, 2025, Mr. Marler served responses to RRFA's First

---

[1] Although the Court does not find good cause to grant Defendants' motion for the reasons they articulate, the Court nevertheless finds it is appropriate to strike the trial date and remaining pretrial deadlines pending resolution of Plaintiff Austin Marler's motion for summary judgment.  The Court shall issue a separate minute order to this effect.

ORDER – 2

Interrogatories and Requests for Production.  Dkt. # 52 at 19–46.  RRFA's Interrogatory No. 4 sought the following information:

> Identify all medical personnel, including physicians, psychological counselors, psychologists, psychiatrists, counselors, therapists, and/or practitioners of the healing arts, with whom you have ever sought treatment for any complaints of pain and suffering, emotional distress, mental anguish, mental and emotional shock, loss in quality of life, and/or other physical, mental, or emotional condition you allege in the Complaint arises out of Defendants' purported treatment of you.

*Id.* at 29–30.  In short, Interrogatory No. 4 asked Mr. Marler to identify "all medical personnel" he sought treatment from for any condition he alleges "arises out of Defendants' purported treatment of [him]." *Id.*  In response to Interrogatory No. 4, Mr. Marler stated "n.a." as his answer. *Id.*  He also raised multiple objections, including that the request "[s]eeks medical and mental health records and information beyond that which is relevant to the garden variety emotional and mental anguish resultant of your discrimination." *Id.*

RRFA's Request for Production ("RFP") No. 11 stated:

> Produce all medical records, including mental health records and psychotherapy records, for every healthcare provider (including social workers, psychiatrists, psychologists, therapists and other medical professionals) identified in response to Interrogatory No. 4, every symptom or condition identified in response to Interrogatory Nos. 5-6 as well as all medical bills you incurred relevant to this case.  [A Medical Release is attached hereto.]

*Id.* at 40–41.  In relevant part, RFP No. 11 asked Mr. Marler to produce "all medical records" for "every healthcare provider" he identified in response to Interrogatory No. 4. *Id.*  In response to RFP No. 11, Mr. Marler stated: "n.a. See answers to Rogs 4-6."

There is no indication in the record that Defendants conferred with Mr. Marler regarding his responses and objections to these discovery requests, or took any further action to obtain responsive documents and information.  Defendants did not file a motion to compel discovery prior to the discovery motions deadline.

ORDER – 3

On March 27, 2026, just ten days before the previous April 6, 2026 discovery deadline, RRFA's counsel reached out for what appears to be the first time to schedule Mr. Marler's deposition. Dkt. # 54-5 at 4 (March 27, 2026 email from RRFA's counsel stating: "We are interested in noting the deposition of Plaintiff Austin Marler ahead of the April 6, 2026 discovery cutoff."). RRFA's counsel followed up by stating "if we need to look a bit beyond April 6 to accomplish this, let us know." *Id.* at 3. In a separate email chain around the same time, Mr. Marler's counsel provided Mr. Marler's availability and invited Defendants' counsel to schedule his deposition. Dkt. # 54-4 at 8 (March 30 email from Mr. Marler's counsel stating: "I notice nobody has deposed Firefighter Marler yet" and providing Mr. Marler's availability).

On March 31, 2026, the parties filed a stipulated motion to continue the deadline to complete depositions to May 6, 2026, among other limited relief. Dkt. # 47. The Court granted the parties' request on the same day, and noted the "[t]rial date and all other pretrial deadlines previously set remain unchanged." Dkt. # 48. After the Court's order, Mr. Marler's counsel again prompted Defendants to schedule Mr. Marler's deposition. Dkt. # 54-4 at 7 (April 9 email from Mr. Marler's counsel stating: "Since nobody noted Austin's dep for 4/13 or 4/14, I have asked him for his next off-shift days prior to 5/6 and will update this thread upon learning"). Ultimately, Defendants took Mr. Marler's deposition on April 30, 2026, just six days prior to the extended deadline to complete depositions. Dkt. # 52 at 48. On May 7, 2026, Mr. Marler filed a timely motion for summary judgment, which is currently pending before the Court. Defendants did not file any dispositive motions.

On May 7, 2026—after the expert disclosure deadline, close of discovery, extended deadline to complete depositions, and the dispositive motions deadline—Defendants filed the instant "Motion to Continue Trial Date." Dkt. # 52. Although titled a "Motion to Continue Trial Date," in addition to continuing the trial date and remaining pretrial deadlines, Defendants also ask the Court to reopen discovery for a limited purpose, extend the expert disclosures deadline, and extend the dispositive motions deadline. *Id.* at 11.

ORDER – 4

Defendants argue that during Mr. Marler's deposition, he "disclosed significant and previously undisclosed medical and employment-related information that he failed to provide in his response to RRFA's written discovery requests." *Id.* at 1. Specifically, Defendants argue that during Mr. Marler's deposition, he disclosed that (1) he participated in therapy following his termination from RRFA; (2) in addition to Tourette Syndrome, he has symptoms of obsessive-compulsive disorder ("OCD"); and (3) Mr. Marler took a medical leave of absence during his training with the Seattle Fire Department Academy. *Id.* at 5–7.

### III.  LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The decision to modify a scheduling order is within the trial court's discretion. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* at 609 (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* If the moving party "was not diligent, the inquiry should end." *Id.*

The Ninth Circuit has identified the following six factors to consider when determining whether to reopen discovery: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and (6) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). In addition, when a motion is made to extend deadlines after the deadlines have expired, the party seeking the extension must show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B).

ORDER – 5

# IV.   DISCUSSION

Defendants have not shown good cause for a modification of the Scheduling Order. The Court's Scheduling Order has been in place since August 19, 2025.  Dkt. # 27. Defendants provide no reason for why they did not begin scheduling the deposition of presumably the main witness in this case—the plaintiff—until just ten days before the April 6, 2026 discovery deadline.  Similarly, they provide no reason for why after the Court granted a short extension of the deadline to complete depositions, they waited until just six days prior to the extended deadline to hold Mr. Marler's deposition.  It is not diligent to wait until the end of discovery to depose the plaintiff, and then complain that there is insufficient time to investigate and develop facts discovered during the deposition.  *See Taber v. Cascade Designs, Inc.*, No. 20-cv-1633, 2023 WL 11831878, at *3 (W.D. Wash. May 10, 2023) (finding there was not good cause to reopen discovery where plaintiff was aware of the discovery deadline but "failed to note a single deposition until *less than two weeks* before the discovery deadline.") (emphasis in original).

Defendants argue that Mr. Marler disclosed new information during his deposition that he "failed to provide in his responses to RRFA's written discovery requests."  Dkt. # 52 at 1.  The Court does not find this justifies reopening discovery.  First, it is unclear that the purported new information Mr. Marler disclosed during his deposition was responsive to the discovery requests Defendants identified in their motion.  In other words, Defendants attempt to paint a picture that Mr. Marler obscured information from them in his discovery responses, but it is unclear if the information at issue would have been disclosed even if Mr. Marler had provided all information and documents Defendants asked of him.  For example, RRFA's Interrogatory No. 4 asked Mr. Marler to identify "all medical personnel" he sought treatment from for any condition he alleges "*arises out of Defendants' purported treatment of [him]*."  Dkt. # 52 at 29–30 (emphasis added).  Mr. Marler does not allege that he sought therapy as a result of Defendants' alleged actions.  *See* Dkt. # 55 ("I have always engaged in any type of activity, whether meditation, physical challenge, therapy,

ORDER – 6

naturopathic medicine, or whatever, that I have hoped might make me more centered and balanced as a human being. These activities . . . are not caused by Defendants' 2022 discrimination."). Similarly, there is no indication that Mr. Marler's OCD symptoms and medical leave at Seattle Fire Department Academy were the result of Defendants' alleged actions. In short, the Court finds the Defendants' predicament is not the result of Mr. Marler concealing information, but rather Defendants' failure to diligently pursue discovery.

Second, and more importantly, to the extent Defendants were unsatisfied with Mr. Marler's discovery responses, their recourse was to confer with Mr. Marler and, if necessary, file a motion to compel. There is no indication in the record that Defendants took any further action after receiving Mr. Marler's discovery responses. This again suggests a lack of diligence. A party "cannot ignore litigation 'until the last possible moment, creating an unnecessary and unmanageable time crunch at the very end of discovery,' and then claim there is good cause to reopen discovery on matters which could have been resolved had [they] 'cared to look.'" *Taber*, 2023 WL 11831878, at *5 (quoting *USI Ins. Servs. Nat'l, Inc. v. Ogden*, No. 17-cv-1394, 2018 WL 5886455, at *2 (W.D. Wash. Nov. 9, 2018)). When Defendants failed to confer with Mr. Marler regarding his discovery responses or file a motion to compel, and proceeded to depose Mr. Marler six days before the close of discovery, they did so at their own peril. The mere fact that they learned information during the deposition that they did not diligently pursue during the many months of discovery prior to the deposition does not constitute good cause to modify the Scheduling Order.

Next, in analyzing the six factors applied by the Ninth Circuit when considering a motion to reopen discovery, the Court finds the factors weigh against reopening discovery. First, trial is imminent. At the time Defendants filed their motion, trial was set for August 3, 2026. Even considering that the Court is striking the trial date, Mr. Marler's dispositive motion is fully briefed and trial will follow shortly after resolution of that motion. Second,

ORDER – 7

Defendants' request is opposed. Third, Mr. Marler would be prejudiced if discovery is reopened. He has already filed his motion for summary judgment in reliance on the discovery conducted by the parties during the discovery period. It would be unfairly prejudicial to permit additional discovery and dispositive motions at this late stage in the case. He will also be prejudiced as to his right to timely and orderly disposition to this case. Fourth, as discussed above, Defendants have not been diligent in pursuing discovery. Fifth, there was no foreseeability for the need for additional discovery. The Scheduling Order has been in place for nearly a year, and provided the parties with ample time to complete discovery. Aside from a limited stipulation to extend certain deadlines, Defendants did not raise any concerns with the current schedule until after the close of discovery and the dispositive motions deadline. Sixth, it is unclear if the requested discovery will lead to relevant evidence. Defendants' motion does not clearly articulate why the purported new information disclosed during Mr. Marler's deposition is relevant to their case. For example, Defendants' motion only makes vague statements such as "[t]his information bears directly on Plaintiff's claims and Defendants' defenses and will materially impact Defendants' litigation strategy." Dkt. # 52 at 1. In their reply brief, Defendants identify slightly more concrete reasons that the information is relevant to their case, but still does not fully flesh out their argument. *See* Dkt. # 56 at 2. In any case, the Court need not decide the relevance of the information sought because even "the likelihood of discovering new evidence does not outweigh the remaining factors that weigh strongly against reopening discovery." *W. Towboat Co. v. Vigor Marine, LLC*, No. 20-cv-416, 2021 WL 1923422, at *7 (W.D. Wash. May 13, 2021). In all, the factors weigh against reopening discovery.

Finally, because Defendants are seeking to extend expired deadlines, they must show they failed to act earlier due to excusable neglect. Fed. R. Civ. P. at 6(b)(1)(B). Defendants' motion does not address excusable neglect. As discussed above, the Court finds that their current situation is the result of lack of diligence, not excusable neglect.

ORDER – 8

## V.    CONCLUSION

For the forgoing reasons, the Court **DENIES** Defendants' Motion to Continue Trial, Dkt. # 52.

Dated this 3rd day of June, 2026.

The Honorable Richard A. Jones
United States District Judge

ORDER – 9